**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| CHENEIR FEREBEE | * | Criminal Action No. CCB-16-190 |
| | * | Civil Action No. CCB-18-3293 |
| v. | * | |
| | * | |
| UNITED STATES OF AMERICA | * | |
| | * | |

\*\*\*\*\*\*

## MEMORANDUM

Cheneir Ferebee pled guilty to conspiracy to distribute one kilogram or more of heroin on the second day of his jury trial and on April 13, 2018, was sentenced to 15 years in prison pursuant to a Rule 11(c)(1)(C) agreement. (ECFs 172, 191).[1] He now has filed a motion and amended motion to vacate under 28 U.S.C. 2255 (ECFs 200, 216) claiming ineffective assistance of counsel, alleging that the second of his three appointed defense attorneys failed to communicate a 12-year plea offer to him, which he would have accepted. The government filed a response in opposition (ECF 219), and Ferebee filed a reply (ECF 224). Because the record fails to support his claims, the motion will be denied.

As the government sets forth, the guarantee of effective assistance of counsel "extends to the plea-bargaining process." *United States v. Murillo*, 927 F.3d 808, 815 (4th Cir. 2019), *citing Missouri v. Frye*, 566 U.S. 134, 140-44 (2012); *Lafler v. Cooper*, 566 US 156, 162 (2012). In general, defense counsel has a duty to communicate to her client a plea offer made by the prosecution "on terms and conditions that may be favorable to the accused." *Frye*, 566 U.S. at 145. The burden is on Ferebee to show both deficient performance (e.g., a failure to communicate the offer) and prejudice; to show prejudice, he must show a reasonable probability he would have accepted the offer and received a shorter sentence. *Id.* at 147; *Merzbacher v. Shearin*, 706 F.3d

---

[1] The C-Plea called for a range of 180 to 204 months. (ECF 172 ¶ 7).

1

356, 366 (4th Cir. 2013). It is important to look to the contemporaneous evidence when evaluating a defendant's claim that he was not advised of an earlier plea offer or his claim that he would have accepted such an offer. *Murillo*, 927 F.3d at 816.

As to the prejudice prong, it is clear from Ferebee's own statements that, until the last minute, he asserted his innocence and, in particular, was not willing to agree with the drug quantity of one kilogram or more. *See, e.g.*, Transcript of Frye-Lafler hearing before Magistrate Judge Beth Gesner where Ferebee explained that he rejected plea offers communicated by his prior counsel Teresa Whalen because "she was asking me to sign for an amount of drugs that I have no knowledge of" (ECF 219, Ex. 7 at 5) and that he wasn't interested in the current offer because "it would be pleading guilty to something I didn't do . . . [s]o I'm not interested in the drug amount, in that part of the plea." (*Id.* at 6). As late as the day of trial, he refused an offer to plead to the one-kilogram conspiracy with a c-plea for 15 years. (*Id.* at 6).

And as to the performance prong, the record also does not support his claim that he was not advised by Ms. Whalen about the government's plea offers. As documented, the government offered a plea to the one-kilogram conspiracy count in a letter dated January 20, 2017, with a c-plea of 14 years, which Ms. Whalen negotiated to a 13-16- year range. (ECF 219, Ex A).  That was rejected, and Ms. Whalen asked for a trial date. (*Id.*, Ex 2). Trying again, (*Id.*, Ex. 3), Ms. Whalen obtained a May 31, 2017 offer, still to the one-kilogram conspiracy, with a range of 12 to 16 years. (*Id.*, Ex. 4).

Negotiations continued on the eve of the July 2017 trial, with contemporaneous emails showing the agreement had been given to Ferebee but he would not sign it. (*Id.*, Ex. 5, 6). Ferebee again requested new counsel, explaining that "I've maintained my innocen[ce] since my arrest." (ECF 145 at 1). Only after trial began with Ferebee's third appointed counsel in January 2018 did Ferebee decide to accept an offer to plead to the one-kilogram conspiracy with a range of 15-17

years. (ECF 219, Ex 8). Immediately prior to the trial, at a Frye-Lafler hearing before Magistrate Judge Gesner, Ferebee admitted that his prior attorney had communicated earlier offers to him, but he did not accept because of the drug quantity. (*Id.*, Ex 7 at 5).

In light of the evidence from Ferebee's own words in communications with the court and at the Frye-Lafler hearing, and the contemporaneous emails, there is no credible claim that he was not made aware of the letter offering a 12-to-16-year range, nor is there any credible claim he would have accepted an offer to plead to the one-kilogram conspiracy any sooner than he eventually did.[2] Accordingly, there is no need for an evidentiary hearing. Further, Ferebee has not satisfied the standards for a certificate of appealability.

A separate Order follows.

____2/28/2022_____  
Date

_____/s/_____  
Catherine C. Blake  
United States District Judge

---

[2] Nor does the record support any claim that Ferebee was not made aware of the discovery provided by the government.