IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. Action No.  CCB-16-0190 |
| CHENEIR FEREBEE, | * | |
|    Defendant | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Cheneir Ferebee pled guilty to conspiracy to distribute one kilogram or more of heroin. His Guidelines were calculated as 262 to 327 months because Mr. Ferebee, who had three prior convictions for distribution of cocaine, qualified as a career offender. ECF 181, ¶¶ 36, 37, 38, 45 (presentence investigation report). On April 13, 2018, however, he was sentenced to 15 years in prison pursuant to a Rule 11(C)(1)(c) agreement recommending 180 to 204 months. (ECF 172, 191). A subsequent motion to vacate under 28 U.S.C. § 2255 alleging ineffective assistance of counsel was denied in 2022. (ECF 242, 243). Shortly thereafter, Mr. Ferebee filed a motion for compassionate release (ECF 245). The government filed an opposition (ECF 255), and Mr. Ferebee filed a reply (ECF 257).[1]

As the government points out, Mr. Ferebee's motion was docketed as one for compassionate release, but he denies reliance on the First Step Act, instead citing to *United States v. Chambers*, 956 F.3d 667 (4th Cir. 2220). In *Chambers*, however, the defendant had been sentenced for a cocaine offense and had been wrongfully sentenced as a career offender. Mr. Ferebee's sentence for conspiracy to distribute heroin was not affected by the powder vs. crack

---

[1] Mr. Ferebee also has filed a motion for sentence reduction under Amendment 821 (ECF 258), which will be addressed separately in its turn.

cocaine disparity, and he was correctly sentenced as a career offender based on three prior convictions for distribution of cocaine. (ECF 181, ¶ 45).[2] Mr. Ferebee received a sentence substantially below his guidelines primarily as a result of the plea agreement negotiated by his counsel. He has not shown any support for a further reduction below the 15 years imposed in 2018.

Accordingly, his motion (ECF 245) is **DENIED**.

So Ordered this 23rd day of October, 2024.

The Clerk shall send a copy of this Order to Mr. Ferebee and counsel of record.

BY THE COURT:

/S/ CATHERINE C. BLAKE
Catherine C. Blake
United States District Judge

---

[2] Mr. Ferebee, in his recent correspondence, argues that he is not a career offender because his sentences were concurrent (ECF 261), but that does not defeat career offender status.