IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No.: 1:16-cr-00190-JRR-3 |
| CHENEIR FEREBEE, | |
| *Defendant.* | |

### MEMORANDUM AND ORDER

Pending before the court is Defendant Cheneir Ferebee's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2).[1] (ECF No. 258; the "Motion.") The court has reviewed all papers.

### I.   BACKGROUND

Currently house at Cumberland FCI, Ferebee is serving a 180-month sentence, with a projected release date of May 30, 2029.[2] (ECF No. 191.) On January 5, 2018, Ferebee pled guilty to Conspiracy to Distribute and Possess with Intent to Distribute one kilogram or more of a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846. (ECF No. 172.) Ferebee's total offense level was calculated as 34, and he was assigned to criminal history category VI—resulting in a Guidelines range of 262–327 months' incarceration. (ECF No. 181.) Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), however, the parties together recommended the court impose a sentence of 180–204 months' incarceration followed by five

---

[1] Ferebee also filed what he titles a "Motion to Vacatur of Career Offender Enhancement Pursuant to Fed. R. Civ. P. 60(b)" in which he seeks resentencing and vacatur of his "career offender enhancement." (ECF No. 269). Rule 60(b), which pertains to relief from civil judgments, is inapplicable here. Ferebee's request is more appropriately addressed by way of his simultaneously filed motion to seek leave pursuant to 28 U.S.C. § 2244(b) and § 2255(h). As such, his motion at ECF No. 269 will be denied.

[2] Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited October 16, 2025); *see United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) (noting that courts "routinely take judicial notice of information contained on state and federal government websites").

years of supervised release. (ECF No. 172.) On April 20, 2018, Ferebee was sentenced to 180 months' incarceration, followed by a five-year term of supervised release. (ECF No. 191.) Defendant filed the present Motion on January 8, 2024. (ECF No. 258.) In his Motion, Ferebee asserts that he qualifies for "the new law for criminal history points." *Id.* at p. 2.

## II.    LEGAL STANDARD

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed.'" 18 U.S.C. § 3582(c). This "rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011), *holding modified by Hughes v. United States*, 584 U.S. 675 (2018). One such exception is found in 18 U.S.C. § 3582(c)(2), which permits a court to modify a term of imprisonment, *inter alia*, "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). "This can occur after the Court 'consider[s] the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Riley*, No. CR ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022) (quoting 18 U.S.C. § 3582(c)(2)).

"Under § 3582(c)(2), a defendant may be eligible for relief if an amendment to the Sentencing Guidelines has been made retroactively applicable." *United States v. Gary*, No. CR JKB-08-0086, 2024 WL 1641007, at *1 (D. Md. Apr. 16, 2024) (citing *United States v. Riley*, Crim. No. ELH-13-0608, 2022 WL 9361679, at *5 (D. Md. Oct. 14, 2022)). The multi-part Amendment 821 is one such amendment. *Id.* Part A of Amendment 821 concerns the calculation of criminal history, specifically the application of "status points." *United States v. McElrath*, No. ELH-21-0137, 2024 WL 4529278, at *3 (D. Md. Oct. 17, 2024) (quoting *Gary*, 2024 WL 1641007,

at *1). It decreases a defendant's status points by one if the defendant has seven or more total criminal history points and eliminates the status points entirely if the defendant has six or fewer criminal history points. *See Gary*, 2024 WL 1641007, at *1; *see McElrath*, 2024 WL 4529278, at *3 (same); *Law*, 2024 WL 3757902, at *1 (same).

Part B, in turn, provides adjustment for zero-point offenders. Specifically, it "provides for a decrease of two offense levels if [eleven] conditions are met," *see McElrath*, 2024 WL 4529278, at *3, including:

> **(1)** the defendant did not receive any criminal history points from Chapter Four, Part A;
> **(2)** the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> **(3)** the defendant did not use violence or credible threats of violence in connection with the offense;
> **(4)** the offense did not result in death or serious bodily injury;
> **(5)** the instant offense of conviction is not a sex offense;
> **(6)** the defendant did not personally cause substantial financial hardship;
> **(7)** the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> **(8)** the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> **(9)** the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> **(10)** the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. 848; and
> **(11)** the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a).

## III. ANALYSIS

While Ferebee's arguments for reduction of sentence under § 3582(c)(2) focus on his career offender status, his arguments do not provide a basis for reduction under Part A or B of

Amendment 821. (ECF No. 258.) First, Ferebee is ineligible for a sentence reduction under Part A of Amendment 821, because, upon review of his Presentence Report, he did not receive any status points pursuant to, at the time, § 4A1.1(d). (ECF No. 181 ¶¶ 30–42.) Additionally, Ferebee is ineligible for sentence reduction under Part B of Amendment 821, because his criminal history score included several criminal history points pursuant to §4A1.1.

In view of the foregoing reasons, Ferebee is not entitled to relief pursuant to 18 U.S.C. § 3582(c)(2). The court therefore need not reach the 18 U.S.C. § 3553(a) factors.

## IV.  CONCLUSION AND ORDER

For the foregoing reasons, it is this 16th day of October 2025,

**ORDERED** that the Motion (ECF No. 258) shall be, and is hereby, **DENIED**; and further it is

**ORDERED** that the "Motion to Vacatur of Career Offender Enhancement Pursuant to Fed. R. Civ. P. 60(b)" shall be, and is hereby, **DENIED**.

Madam Clerk shall transmit a copy of this Memorandum and Order to Ferebee.

/s/
Julie R. Rubin
United States District Judge